### In re EMERALD OUTDOOR ADVERTISING, Debtor.

**Tiffany Jane Harrison, Plaintiff,**

v.

**Emerald Outdoor Advertising, Defendants.**

**Bankruptcy No. 03–03851–W11. Adversary No. A03–00178–W11.**

United States Bankruptcy Court, E.D. Washington.

Aug. 18, 2006.

---

John F. Bury, Murphy Bantz and Bury, Spokane, WA, for Debtor.

MEMORANDUM DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND INJUNCTIVE RELIEF

PATRICIA C. WILLIAMS, Bankruptcy Judge.

THIS MATTER came on for hearing before the Honorable Patricia C. Williams on August 10, 2006 upon Plaintiff's Motion for Summary Judgment and Injunctive Relief. The Court reviewed the files and records herein, heard argument of counsel, and now renders its written decision.

This dispute involves two Leases both of which allow the lessee debtor to place very large outdoor advertising signs on Indian tribal land. The first is dated January 9, 1995, and is commonly referred to as the "57th Avenue East Lease" or the "I-5 Lease." It involves two large signs. The second Lease is dated June 1, 1995, and is commonly referred to as the "Pacific Highway East Lease" or "Highway 99 Lease." It involves one sign.

The history of the relationship between these parties and the several years of litigation involving these Leases is set forth in the Ninth Circuit decision *In re Emerald Outdoor Advertising, LLC*, 444 F.3d 1077 (9th Cir.2006). That reported decision resulted from an appeal in this adversary proceeding relating to a prior Motion for Summary Judgment. The plaintiff held a Deed of Trust on the real estate and commenced foreclosure proceedings regarding that Deed of Trust. An underlying issue in that foreclosure was whether the plaintiff's Deed of Trust or the debtor's leasehold interests were superior. The Ninth Circuit determined that the Deed of Trust was superior and that the two Leases were properly foreclosed by the plaintiff, and the plaintiff, as successful bidder at the foreclosure sale on May 31, 2002, had acquired the property free of the leasehold interest. The current dispute is

whether plaintiff has the right to retain the sign structures or whether the lessee debtor has the right to remove the sign structures. The determination of the debtor's rights, including the right to retain the sign structures, will effect the debtor's formulation and confirmation of its reorganization plan in the underlying bankruptcy proceeding.

The plaintiff's current motion seeks a judgment declaring plaintiff has title to the real property free and clear of any interest of the debtor, and an order requiring the debtor to quit the property leaving the sign structures in place as ownership has reverted to plaintiff. There is no dispute regarding the massive foundation work for the signs, as the parties agree it will remain as part of the real estate. The plaintiff maintains it is entitled to immediate possession of the sign structures in place, under three theories: (1) 11 U.S.C. § 365(d)(4) so requires; (2) RCW 61.24.060 requires surrender twenty (20) days after foreclosure sale; and (3) the express terms of the Leases require immediate surrender upon termination.

### SUMMARY JUDGMENT STANDARDS

The plaintiff, as the moving party, has the burden of demonstrating that it is entitled to the relief requested as a matter of law and that no material issues of fact are in dispute. Fed.R.Civ.P. 56. The evidence, and any inferences to be drawn therefrom, is reviewed in the light most favorable to the non-moving party, but mere conclusionary factual allegations by the non-moving party are not sufficient to overcome substantive factual allegations of the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### 11 U.S.C. § 365(d)(4)

This subsection of the Bankruptcy Code requires a trustee or debtor-in-possession to surrender property once a lease or executory contract is rejected in the bankruptcy proceeding. The 1994 version of this statute, which is the applicable enactment in this case, reads:

> (4) Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60 day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(d)(4).

By its language, this provision is applicable only to situations where a lease has been rejected by a trustee or debtor post-bankruptcy filing. The statute allows a debtor or trustee to assume or reject ". . . any executory contract or unexpired lease of the debtor." The bankruptcy filing occurred on May 5, 2003, but the foreclosure had occurred pre-petition on May 31, 2002. At the time of the commencement of the bankruptcy case, the debtor's interest in the Leases had been foreclosed and there were no leases in existence which could be assumed or rejected by the debtor.

### RCW 61.24.060

This state statute grants the purchaser at a foreclose sale the right to possession of the property twenty (20) days after the sale.

> The purchaser at the trustee's sale shall be entitled to possession of the property on the twentieth day following the sale, as against the grantor under the deed of trust and anyone having an interest jun-

ior to the deed of trust, including occupants and tenants, who were given all of the notices to which they were entitled under this chapter. The purchase shall also have a right to the summary proceedings to obtain possession of real property provided in chapter 59.12 RCW.

RCW 61.24.060.

■ Plaintiff argues that it was entitled to possession of the sign structures twenty (20) days after the foreclosure sale on May 31, 2002, i.e., as of June 20, 2002. Thus, the debtor should now be ordered to leave the premises with the sign structures remaining in place. The defense to this claim is that the debtor maintains it is entitled to notice that the plaintiff, as purchaser at the sale, desires possession of the property. There is no longer any dispute that the debtor, as tenant, received proper notice of the foreclosure sale which was properly conducted and deprived the debtor of its interest in the real estate. The statute requires no further notice be given post-foreclosure sale and the failure to provide any such notice is not a defense.

In reality, the debtor has had more than sufficient notice that the plaintiff was demanding immediate possession post-foreclosure sale. The parties or their successors-in-interest have been litigating their respective rights in the property since 1998. On August 9, 2002, the plaintiff commenced its first action against debtor to eject it from the premises, and after that action was dismissed on procedural grounds, a second action was commenced on December 16, 2002. Through the removal process, that action became this adversary case. Clearly, the debtor has had notice that the plaintiff maintained it was entitled to possession and any further notice required under RCW 61.24.060 would have been duplicative and futile. Nor would any such notice have resolved the underlying dispute as to removal of the sign structures.

### DEFENSE PER RCW 59.04.020

■ As a defense to plaintiff's request for immediate possession of the premises, including the sign structures, the debtor argues that a new tenancy was created post-foreclosure. RCW 59.04.020 provides:

When premises are rented for an indefinite time, with monthly or other periodic rent reserved, such tenancy shall be construed to be a tenancy from month to month, or from period to period on which rent is payable, and shall be terminated by written notice of thirty days or more, preceding the end of any of said months or periods, given by either party to the other.

In the underlying Chapter 11 bankruptcy case, the plaintiff had requested that the Bankruptcy Court lift the automatic stay to allow the ejectment action commenced December 16, 2002 to proceed. As a result of that motion, the debtor was required on July 2, 2003 to make adequate protection payments to the plaintiff as provided in 11 U.S.C. § 361. At the time, the parties or their successors had been in litigation regarding the Leases since 1998, and it was apparent that the litigation would continue for some indefinite time. The requirement for rental payments was imposed on the debtor by the Court. Debtor now argues that since it has been making those monthly rental payments during the underlying bankruptcy case, a new month-to-month tenancy has been created.

This is not a situation where a lease expired and the landlord ignored the expiration and voluntarily allowed the tenant to continue in possession and voluntarily continued to collect monthly rental payments. The payments were made to the

plaintiff because they were required by a court order. The payments, from the perspective of either the debtor or the plaintiff, were not voluntary but required by a court. Under such circumstances, the state statute is inapplicable.

In essence, debtor argues that either it should have been allowed to continue in possession rent-free during years of litigation or, if rent were paid, the owner becomes party to a new tenancy. Even assuming that RCW 59.04.020 imposes this *Hobson's* choice on an owner of property with a holdover tenant, at most, the requirement imposed by that statute would be a thirty (30) day notice to the debtor to quit the premises. The plaintiff, as opposed to voluntarily allowing the debtor to continue to occupy the premises, had commenced two court actions seeking forceable ejectment of the debtor. The parties litigated their respective rights in the Leases and the propriety of the foreclosure until the recent decision by the Ninth Circuit. By filing this summary judgment motion on June 27, 2006, the plaintiff again sought ejectment. Any thirty (30) day notice to quit under RCW 59.04.020 would serve no purpose. Nor would any such notice assist in resolving the underlying issue of whether the sign structures remain with the real estate or can be removed by the debtor. Such notice would be yet another futile and duplicative act.

### TERMS OF THE LEASES

These Leases constitute voluntary contracts between the parties (or their predecessors-in-interest) in which they each agreed to certain terms. The Leases established the rights of the parties during the term of the Leases and, to a limited extent, determined some of those rights post-foreclosure. Plaintiff correctly cites *Stuchell v. Mortland,* 8 Wash.App. 884, 509 P.2d 770 (1973) for the common

law proposition that permanent improvements made to real property become the property of the landlord upon termination of the tenancy. *Stuchell v. Mortland* holds that the common law is applicable only in absence of a lease provision to the contrary. Provisions addressing ownership and removal of improvements upon termination of the tenancy are typical features of commercial leases. It is the provisions in these Leases between the parties which control, not common law as the Leases specifically address the issue of removal and ownership of improvements made by the tenant upon termination.

The most cursory reading of the Leases lead to the conclusion that the purpose of the Leases is to allow the tenant to construct outdoor advertising signs on the premises which would be visible from I–5 (the 57th Avenue East Lease) and visible from Highway 99 (the Pacific Highway East Lease). The rights of the tenant include construction of foundations, installation of electrical services, and access for maintenance and other purposes. At the end of the lease period, the debtor agreed to "peaceably and without legal action" deliver possession of the premises. If it continued to occupy the premises after termination of the Lease, and foreclosure is certainly termination of a lease, that continued occupation was not to constitute an extension of the Lease or give the debtor any continued rights under the Lease. Upon termination, the owner could elect to have the lessee remove the foundations for the signs or elect that the foundations remain upon the premises. The plaintiff has elected that they remain.

Paragraph 19 of the Leases provided that at the end of the Leases, the debtor was to remove the "removable" property (by inference, this is a reference to the sign structures as the foundations are separately identified in the Leases), within

sixty (60) days. If it fails to remove the property within sixty (60) days, the debtor becomes liable for a penalty of double the prior annual rental rate "... from the termination of the lease until the property is removed." At best, the debtor would have sixty (60) days after the Ninth Circuit's final decision to remove the sign structures. The fact that a monetary penalty is imposed for failure to remove the sign structures after sixty (60) days, does not give the debtor the right to continue to occupy the property after the sixty (60) days.

The issue of whether the debtor has the right to remove the sign structures is complicated by the fact that the two Leases have slightly different language in the paragraph addressing the debtor's rights when the Leases are terminated. The last sentence of paragraph 8 in the Pacific Highway East Lease states "Lessee is, and shall remain, the owner of the signs placed upon the above described property."

The last sentence of paragraph 8 of the 57th Avenue East Lease states "Lessee is, and shall remain, the owner of the signs placed upon the above described property for the term of this lease, and any extensions thereof."

When reading the Leases as fully integrated documents, it is readily apparent that as to the Pacific Highway East Lease, there is no ambiguity. The meaning of paragraph 8 is clear. Debtor owns the signs it has installed on the property and would continue to own the same after termination of the Lease, but if they were not removed within sixty (60) days of termination, certain monetary penalties would be imposed.

There is no dispute of material fact as to the Pacific Highway East Lease. The debtor should have removed the sign structures within sixty (60) days of the foreclosure on May 31, 2002. It did not do so. At the latest, it should have removed the sign structures within sixty (60) days of the final decision of the circuit court in *In re Emerald Outdoor Advertising, supra.* It did not do so. **Therefore, debtor has sixty (60) days from the date of this decision to remove the sign structure.** An order requiring the debtor to do so will be entered. As to the monetary penalties incurred under paragraph 19 for the failure to timely remove, those will be addressed in the underlying bankruptcy proceeding through the claims process provided in the Bankruptcy Code.

Regarding the 57th Avenue East Lease, a factual issue exists. The language in this Lease reserves ownership of the sign structures "for the term of this lease." This is ambiguous when read with other lease provisions. This ambiguity necessitates the consideration of evidence beyond the Lease terms themselves.

■ Ambiguities in leases, as in other contracts, are to be construed against the drafter of the Lease. The only evidence as to the identity of the drafter of the Lease is an unsupported statement in the pleadings that the Lease form is one drafted or required by the Bureau of Indian Affairs as the real estate is tribal property. The Bureau of Indian Affairs is not a party to the Leases. The above-cited rule of legal interpretation cannot be applied until evidence is submitted as to the identity of the drafter of the Lease.

The Declaration of Harlan Douglass submitted by the debtor states:

2. I am the majority Member of the Debtor–In–Possession, Emerald Outdoor Advertising, LLC.

3. I was a Member of the Debtor–in–Possession when the subject Leases were negotiated and signed by and between Roleen L. Hargrove and Bruce

Storey. I am familiar with the Leases and their terms.

4. It was not the intent of the Debtor-in-Possession at the time the Leases were executed to give up ownership of the signs on termination of the Leases.

Although this evidence is sketchy at best, it is sufficient to create an issue of fact as to the intention of the parties concerning the removal of the sign structures relating to the 57th Avenue East Lease.

### *CONCLUSION*

Since the filing of the Complaint and the current summary judgment motion, the issues have narrowed. They now concern the ownership and removal of the sign structures and the debtor's contention that additional notice is necessary before it can be required to remove the sign structures. Having determined that no additional notice to the defendant is necessary, this Court must determine the ownership and removal of the sign structures. The defendant owns and is entitled to remove the sign structure relating to the Pacific Highway East Lease. A trial will be necessary to resolve the question of fact which exists as to the ownership and removal of the sign structures relating to the 57th Avenue East Lease.

An order will be entered **DENYING** plaintiff's Motion for Summary Judgment to the extent it requests a determination that the plaintiff is entitled to ownership and possession of the sign structures. An order will be entered **GRANTING** plaintiff's Motion to the extent the plaintiff requests the defendant to remove the sign structure relating to the Pacific Highway East Lease. That sign structure must be removed by defendant within sixty (60) days of the date of the order, thus leaving plaintiff in exclusive possession of such premises at the end of the sixty (60) days.